UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO & VICINITY CARPENTERS'
FRINGE BENEFIT FUNDS, INC.,

      Plaintiff,

v.

HARRIS INDUSTRIAL SERVICES,

      Defendant.

Case No.
Hon.

_____/

## COMPLAINT

NOW COMES the above-named Plaintiff, OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC. (the "FUNDS"), by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for its Complaint against Defendant, HARRIS INDUSTRIAL SERVICES, states as follows:

1. Plaintiff brings this action under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, and Section 502(a)(3), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(a)(3), (e) and (f). Venue is conferred upon this Court by 28 U.S.C. Section 1391(b) and (c) and 29 U.S.C. Section 1132(e)(2).

2. Plaintiff is an Ohio corporation, qualified and tax-exempt under §401 & 501 of the Internal Revenue Code of 1986, as amended.

3. Defendant is an Ohio corporation doing business in Ohio.

4. The Plaintiff administers the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust.  The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Indiana/Kentucky/Ohio Regional Council of Carpenters (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

5. At all times relevant hereto, Defendant was signatory to a Collective Bargaining Agreement with the Union.

6. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

7. Pursuant to the terms and provisions of the Collective Bargaining Agreement between Defendant and the Union, Defendant agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by Defendant and covered by the Agreement.

8. That pursuant to the Collective Bargaining Agreement, Defendant is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

9. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

10. That pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder

are authorized and empowered to examine and copy the payroll records and other books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

11. That Plaintiff is entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

12. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

13. Plaintiff hereby incorporates and adopts by reference paragraphs 1 through 12 above as though fully set forth herein.

14. That notwithstanding its contractual obligations, Defendant has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

15. Plaintiff is without adequate remedy at law and the FUNDS will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the Collective Bargaining Agreements and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

A. Order an injunction against the above-named Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that the Defendant open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff against the Defendant for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action, including the mandates of 29 USC 1132(g)(2);

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.


Respectfully submitted,

**SULLIVAN, WARD, ASHER & PATTON, P.C.**

/s/Matthew I. Henzi
(0096171)
Sullivan Ward Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Highway, #1000
Southfield MI  48075
248.746.0700/F: 746.2760
mhenzi@swappc.com

Dated: September 17, 2018
2217764